NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

| | | |
|---|---|---|
| JOHN J. SWINT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-CV-004-KKC |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEBORAH HICKEY, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**** **** ****

John J. Swint is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and confined at the Federal Medical Center in Lexington, Kentucky. He has submitted an initial document in the form of a Motion, a later formal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and numerous attached exhibits. R. 2, 6-7. Upon review of these pleadings,[1] the Court will deny the Petition.

## I.    ALLEGATIONS AND CLAIMS.

On May 18, 2009, Swint pleaded guilty to possession of securities in violation of 18 U.S.C. 513 in the United States District Court for the Southern District of West Virginia, *United States v. Swint*, No. 09-CR-047. On August 18, 2009, he was sentenced to a fifteen-month term of incarceration. The BOP has committed him to the Federal Medical Center ("FMC-Lexington"). His

---

[1]  The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

projected release date with credit for good time is October 26, 2010.

Petitioner states that once he arrived at the prison, he had an initial meeting with his unit team on October 22, 2009.  The team recommended that on September 18, 2010, in preparation for release, he be placed in a BOP Residential Reentry Center ("RRC"), previously known as a "community corrections center" or "halfway house."  Swint points out that the 38-day placement at the end of his prison term amounts to 10% of his sentence.

One week after that meeting and recommendation, the Petitioner received a copy of his "Sentence Monitoring Computation Data," which was calculated in Texas the preceding month, in September of 2009, *prior* to the team meeting.  Yet the document had the same September 18, 2010, date for pre-release preparation in an RRC.

Petitioner claims that the computation sheet shows that his unit at the prison did not calculate the RRC placement date, as was represented.  Worse, the 38-day placement was not decided in conformity with the governing provisions in 18 U.S.C. §§ 3621(b); 3624(c); and 28 C.F.R. § 570, which set out specific factors to be considered.  Rather, he charges, not only was the date mathematically figured instead,  but it was determined by applying "an abolished policy of giving 10%."  It is also contrary to the Second Chance Act of Congress, enacted to stop such arbitrary decisions and RRC placements of such limited duration.

Petitioner names several BOP staff members to whom he complained.  Then and now he asked/asks for more RRC time in view of relevant factors, which include his lack of resources, lack of supporting family, and mental and physical conditions.  Finally, on December 17, 2009, he wrote a formal grievance to the warden.  Without waiting for her response, Swint initiated the current habeas proceeding.

On January 19, 2010, Warden Hickey responded to the grievance, and the Petitioner has

submitted that response.  She writes that the unit team did, in fact, review his case under the five factors in 18 U.S.C. § 3621(b).  She enumerates each factor and tells how each of the five was evaluated with regard to the Petitioner.  Further, consistent with Swint's version of earlier conversations he had with other prison staff, she concluded and repeated their advice, as follows:

> After evaluating your overall case, it has been determined a recommended placement date of September 18, 2010, is appropriate.  You have been referred to our institutional Social Worker for further assistance with your transition back into the community through communication with the Social Security Administration.
>
> Your unit manager advised you the United States Probation Office will assist you further should you have difficulty establishing a suitable residence while you are house d at the RRC.

Record No. 7, attachment dated January 19, 2010.

Petitioner does not state whether he appealed the warden's denial of his grievance to higher BOP officials.  Rather, he points to case law standing for the proposition that exhaustion of administrative remedies may be excused by the court "when pursuing such remedies . . . would be futile, or unable to afford petitioner the relief he seeks."

## II.    DISCUSSION.

The general rule is that a prisoner who wishes to pursue habeas relief under Section 2241 must first exhaust his available administrative remedies within the prison system before resort to a judicial forum. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006).  In this case, Swint filed a grievance with the warden and was dissatisfied with the result.  His next step in the process was to appeal to the BOP Regional Director by submitting a form, a BP-229, within 20 calendar days.  28 C.F.R. § 542.15(a).  If still not satisfied, he could appeal to the BOP Central Office, in Washington, D.C. within 30 days.  *Id*.  There are also identical time limits on how long the BOP has to respond at each level. 28 C.F.R. § 542.18.

On the face of the instant Petitioner's pleadings, it appears that he has not appealed to the two BOP officials outside FMC-Lexington.  Had the Petitioner begun the administrative remedy process in late October, when he noticed that the placement dates from Texas and his unit team were the same, and then had he continued the administrative appeal to the last two levels of BOP officials, he may have exhausted them by now.  Then this Court could move to the merits of his arguments.  However, it is not clear that he did so, as he has not alluded to or presented any document except the warden's response to his BP-229.

Resort to administrative remedies is only futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider."  *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).  There is no evidence herein that the BOP officials at the regional or national level have any knowledge of, much less have hardened on the issue of the duration of this Petitioner's RRC stay.  Nor is there any indication that the Petitioner could not have exhausted the administrative process well before his September of 2010 RRC date.  *See Colton v. Ashcroft,* 299 F.Supp.2d 681, 690 (E.D.Ky.2004) (exhaustion waived in the face of imminent release to a CCC).

Accordingly, the instant Petition will be denied and this cause of action dismissed.  The dismissal of this proceeding, however, will be without prejudice to Swint's seeking relief at a later time upon a showing of exhaustion of the BOP's administrative remedies.  This is consistent with the long-standing rationale that exhaustion of administrative remedies should be required to prepare a record for the Court.  *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

**III.    CONCLUSION.**

In light of the foregoing, the Court hereby **ORDERS** that:

1.       John J. Swint's Petition for Writ of Habeas Corpus is **DENIED**;

2.       Swint's habeas proceeding herein will be **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent; and also

3.       Petitioner's Motion for the Court to Reconsider its ruling on the issue of his pauper status [R. 12] is **DENIED**.

Dated this 17th day of March, 2010.

**Signed By:**

*Karen K. Caldwell*   KKC

**United States District Judge**

5